Due to a clerical error Finding of Fact (24) was inadvertently omitted from the Full Commission's 1 May 1996 Opinion and Award. Therefore, the Full Commission hereby AMENDS its 1 May 1996 Opinion and Award and inserts Finding of Fact (24) which shall read as follows:
 24. Unlike the situation in the Church v. Baxter Travenol Laboratories, Inc. case cited in plaintiff's brief, where there were insufficient funds from which to award an attorney fee justifying reduction of the credit, in the instant case there are not only $2,556.00 in accrued benefits due plaintiff for the six week period that she received severance pay after her termination from defendant's employ, and the same employer is not entitled to credit against the instant award of continuing disability benefits for the reasons stated in the above Findings of Fact, which the undersigned is concurrently awarding plaintiff's counsel as a fee at this time; but his client is entitled to compensation benefits in the amount of $426.00 per week so long as she remains totally disabled and from the date of the present award of continuing disability defendants are no longer entitled to a credit for the long term disability benefits received for the reasons similarly stated in the above Findings of Fact. From those continuing benefits the undersigned is also awarding every fourth check to plaintiff's counsel for the balance of his fee, which would result in a fee of $5,112.00 for each year that his client remained totally disabled.
 In view of not only the plaintiff's age and prior work experience, which has always involved the type of textile work she is no longer capable of, but the fact that more than two years have elapsed since she became totally disabled by the involved back injury and for each year that she has remained out of work the likelihood of her returning to work is diminished in the undersigned's experience; there is certainly a strong likelihood that the continuing disability benefits will be paid for some indeterminate time in the future before plaintiff returns to work — if she ever does. Assuming plaintiff would returned to work within a short time of this Award; she would be entitled to accept a more favorable remedy for her resulting 15% permanent partial disability of the back entitling her to an additional forty-five weeks of compensation, or $19,170.00, from which an attorney fee could likewise be awarded to plaintiff's counsel.
* * * * * * * * * * * * * *
 S/ ________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________ COY M. VANCE COMMISSIONER